[Civ. No. 5802. Second Appellate District, Division One.—June 25, 1928.]

UNITED STATES BORAX COMPANY (a Corporation), Appellant, v. DEATH VALLEY BORAX COMPANY (a Corporation) et al., Respondents.

James F. Peck, W. A. Lamar and Frank R. Wehe for Appellant.

Lawler & Degnan, Frank C. Scherer and W. B. Thomas for Respondents.

YORK, J.—The question involved in this action is, which party is entitled to possession of the land in question. The

appellant is a corporation and the respondents comprise a corporation and certain individuals who are stockholders and directors in the respondent corporation. The importance of the question of possession is caused by the fact that the party found to be entitled to the possession in this action will eventually obtain a United States mineral patent on the lode mining claims situated in Death Valley, known as Borax No. 1 and Borax No. 2 Lode Mining Claims in the judgment herein.

■ Not only does the transcript disclose the fact that the evidence was very voluminous (561 pages of bill of exceptions alone), but the findings of the court comprise 49 pages of the transcript. However, the only question, as we view it, that we are called upon to decide is, whether or not there was evidence sufficient to support all of the material findings of the trial court, as the findings of the trial court are undoubtedly sufficient to support the judgment. It appears to us that the argument of the appellant only shows that there was evidence sufficient for the trial court to have made different and other findings; but an examination of the record discloses the fact that there was sufficient evidence to support each and every finding made by the trial court. None of the questions raised as to errors in rulings is sufficient to show any error of a prejudicial nature in any ruling of the court. In fact, the finding of the trial court in reference to abandonment by appellant is not only supported by the circumstances shown, but the letters of the attorney for appellant in its proceedings for patent before the land office, written to the United States land office, set forth in full hereinafter, were sufficient to justify the said land office in making the order which said land office did make canceling the application for patent of appellant, and were sufficient for the trial court to make the finding of abandonment.

Some of the evidence introduced as to the examination of the shafts and development work of appellant on the property in question was that there was no development of or discovery of any ore body by appellant or its predecessors, and that in fact the ore body nearest to the surface was found by respondents about 10 feet deeper than the bottom of appellant's deepest shaft.

A complete statement of the facts shown by the record would be too voluminous for this opinion, and seems to us unnecessary. Let it suffice to state that the predecessor of plaintiff entered upon the land and started to do some work to attempt to develop mineral on or about April 30, 1900, and the deed of conveyance from said predecessor to plaintiff was dated February 28, 1901. The plaintiff's application for patent was made about December 14, 1905. About November 21, 1906, the commissioner of the general land office issued an order to the register and receiver of the Independence land office, where the application had been received for patent, that under rule 1 of the circular of March 6, 1903 (32 L. D. 39), the state's right attached to said section, if at all, when the township survey was accepted, the letter showing that the township survey was accepted about March 19, 1858. The letter further instructed the register and receiver to notify the claimant company that 60 days would be allowed in which to show cause why the entry should not be canceled as to the portion of the land lying in section 36. Under date of August 20, 1907, the record disclosed that the attorney for appellant, in reply to such notice, wrote to the register of the United States land office as follows:

"Dear Sir: I am in receipt of your letter of August 13th in reference to the Clara Lode Claim for which the United States Borax Company applied for patent.

"I do not think that we can make any showing to overcome the presumption in favor of the rights of the State, and will, therefore, not ask to have the matter kept open longer."

Thereafter, and under date of March 25, 1908, the commissioner of the general land office, in a letter to the register and received at Independence, acknowledged receipt of the letter from the claimant company's attorney, and instructed the said register to notify the claimant company that it would be allowed 60 days from notice within which to show a valid discovery on the portion not canceled and other and sufficient improvements made prior to the expiration of the period of publication, and in the letter stated that any default of such proof, or of an appeal, that the entry would be canceled without any further notice. A copy of the order in accordance with said letter was found by the court on suffi-

cient evidence to have been received by the United States Borax Company, and on April 6, 1908, said company by its attorney in reply sent the following communication to the register of the United States land office at Independence, to wit:

"Dear Sir: I am in receipt of your letter of March 31st, in reference to the Clara Lode.

"No work has been done on the claim since the original application was filed, and it will, therefore, be unnecessary to keep the matter open for any further showing on the part of the applicant."

Thereafter, the commissioner of the general land office canceled the entry of the plaintiff, and instructed the register and receiver at Independence to so notify the claimant. Such notice was thereupon given. No work was done on the land in question by plaintiff, or anyone in its behalf, after the year 1904, and no proof of any annual labor thereupon or therefor was filed with the county recorder of Inyo County after the year 1904 by or on behalf of plaintiff. In the year 1919 the defendant W. S. Russell, on behalf of himself and associates, claimed to have made discovery upon the land claimed by the defendants herein, and filed a placer location thereon in the office of the county recorder of Inyo County, and ever since June 1, 1919, the defendants have been in the possession and occupancy of the lands during the portion of the year when it was possible to work the same in that portion of Death Valley. On June 25, 1921, the individual defendants named located the lands now claimed by them under lode claims, filing their copies of location for record with the county recorder of Inyo County about July 11, 1921. Thereafter, the individual named defendants transferred to the Death Valley Borax Company, a corporation, their rights in the property, and said company applied for patent on all of the lands in question about April 26, 1922. Within due time thereafter, the plaintiff, United States Borax Company, filed its adverse claim against the issuance of such patent and this suit to determine the right of possession was brought within the time allowed by law. From the record before us it is apparent that nothing was done by the appellant in connection with pressing its claim or doing anything whatever in connection with the development or patenting of the land from April 6, 1908, up to the

date of its said protest against the patenting of the land to the defendants and respondents, except that on or about February 26, 1920, appellant filed in the United States land office an application for a reinstatement of its application for patent. The said application was decided against the appellant by the commissioner of the general land office, from which both parties appealed to the secretary of the interior, by which office said application for reinstatement was denied by an order and opinion dated July 19, 1921, issued by the first assistant secretary of the interior. Thereafter the United States Borax Company petitioned said department of the interior for the exercise of its supervisory powers and requested reversal of its prior ruling, which petition, on a hearing on the merits, was denied. The opinion of the said department is set forth in the findings as follows: "The department is clearly of the opinion that the said mineral entry was made for land (as to section 36) then belonging *prima facie* to the State, and that the requirement made by the commissioner was proper. Furthermore, the claimant acquiesced in that ruling and admitted its inability to comply with the requirement. It did not renew its claim after the State filed selection in lieu of the land involved but submitted without protest to the cancellation of the entry. It is estopped from now disputing the correctness of that action. If it has abandoned its claim so as to permit other *bona fide* rights to intervene and attach as alleged, it would be manifestly unjust and illegal to reinstate the old entry. The petition is accordingly denied."

It is apparently not necessary to pass upon the interesting questions which the parties herein have attempted to raise as to just when school sections are subject to mineral entry and as to just when the title to school sections containing mineral is transferred to the federal government, or as to whether or not any sections 16 or 36 that were mineral lands at the time of the grant of school sections to the state, or that were later proven to be mineral lands, ever became school lands of the state of California.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1928.

All the Justices present concurred.